UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-0094 |
| VERSUS | JUDGE DONALD E. WALTER |
| KAVIN DWAYNE GRANDISON | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Kavin Dwayne Grandison ("Grandison"). See Record Document 42. The Federal Public Defender's Office screened the request and assigned Petitioner representation. See Record Document 44. Thereafter, Grandison's lawyer filed a response in support of Grandison's motion for compassionate release. See Record Document 47. The Government opposes Grandison's motion. See Record Document 48. Based on the following, the motion for release is **DENIED**.

Grandison was charged in a one count indictment with possession with intent to distribute five kilograms or more of cocaine. See Record Document 6. Grandison pled guilty to count one before Magistrate Judge Kathleen Kay, and his plea was adopted by this Court. See Record Documents 31 and 34. This plea was to a lesser offense, pursuant to 18 U.S.C. § 841(B)(1)(b), with a statutory penalty of not less than five years or more than twenty years. In the plea agreement, Grandison stipulated that on February 22, 2018, he possessed 4.972 kilograms of cocaine. He also stipulated to the commission of another offense on November 8, 2017, wherein he possessed 4.384 kilograms of cocaine in the Southern District of Mississippi. In return for that stipulation, he was not prosecuted in the Southern District of Mississippi, but that conduct was included as relevant conduct in the instant matter. On December 17, 2018, this Court sentenced Grandison to 96 months of imprisonment. See Record Document 40. Grandison is currently

housed at the Federal Correctional Institution, Talladega ("FCI Talladega") and he has a projected release date of January 2025.

On February 1, 2021, Grandison filed an "Emergency Motion For Compassionate Release Due To The COVID-19 Pandemic Crisis Under 18 U.S.C. § 3852(c)(1)(A)(i)," seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his hypertension and diabetes make him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 42 at 5. Grandison exhausted his administrative remedies by filing an initial request with the Warden of his facility on October 1, 2020. See Record Document 4, Ex. A. Thirty days have passed with no response from the Warden. See 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . ."). The Government concedes that Grandison has exhausted his administrative remedies but maintains that his motion fails on the merits. See Record Document 48 at 3-4.

The Government first contends that Grandison has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). Although Grandison asserts that he is entitled to compassionate release based on his conditions of hypertension[1] and Type II diabetes, his medical records reveal that he was offered the COVID-19 vaccine but declined to take it.

---

[1] The CDC lists hypertension under the category of "adults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13.[2] However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United

---

[2] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

(1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id.  The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 191,324 doses of the vaccine.  See www.bop.gov/coronavirus (last updated 6/11/21).  At Grandison's facility, 127 staff members and 531 inmates have been fully vaccinated.  Notably, courts have denied compassionate release where, as here, the inmate refused the COVID-19 vaccine. See United States v. King, No. 16-478-11, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) ("In declining vaccination[, Defendant] declined the opportunity to reduce his risk [of] exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.") (quoting United States v. Lohmeier, No. 12-1005, 2021 WL 3657733, at *2 (N.D. Ill. Feb. 3, 2021)); United States v. McBride, No. 19-7, 2021 WL 354129 (W.D. N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison.").  Similarly, Grandison cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk.  In light of this, Grandison has failed to establish

that extraordinary and compelling reasons exist to release him from prison. Furthermore, the Government argues that the factors set forth under 18 U.S.C. § 3553(a) counsel against Grandison's release. See id.

Even assuming that Grandison had identified extraordinary and compelling reasons, the existence of such does not end the inquiry. The Court must consider the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Grandison has not demonstrated that he qualifies for compassionate release under these guidelines. First, Grandison was sentenced in this Court for possession with intent to distribute five kilograms or more of cocaine. Notably, this conviction occurred following a previous conviction for conspiracy to possess with intent to distribute cocaine, wherein Grandison was involved in a drug conspiracy from 1990 to 1995. He then violated the terms of his supervised release by using marijuana, failing to follow officer instructions, and being terminated from the residential reentry center. In 2013, Grandison was charged with possession of a controlled substance and possession of marijuana. However, most disturbing to the Court is that Grandison's criminal history includes five different charges of resisting an officer, one charge of obstruction of police officers and one charge of felony fleeing/eluding law enforcement. In addition, Grandison stipulated in relation to the current offense that for approximately one year prior to his arrest, he knowingly and willfully conspired with others to distribute or possess with

intent to distribute cocaine base. Furthermore, his statutory minimum sentence was five years for the instant offense and a reduction as requested would result in a sentence that falls below what Congress deemed appropriate for similarly situated defendants.

Additionally, in examining the Section 3553(a) factors, to reduce Grandison's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Furthermore, a deviation below the mandatory minimum sentences that were set by Congress would create a sentencing disparity between Grandison and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A). Grandison has served less than one-half of his 96-month sentence.

The Court has also looked at the presence of COVID-19 at the FCI Talladega. There are zero inmates and zero staff members who are currently testing positive out of 945 total inmates.[3] http://www.bop.gov/coronavirus (last updated 6/16/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020). Grandison has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Grandison has not shown that the BOP is unable to adequately manage the COVID situation. This

---

[3] Four inmates have died from the virus. No staff died from the virus. However, there are 282 inmates and 54 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 6/16/21).

Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[4]  Therefore, the Court finds that Grandison has not met his burden.

The Court shares Grandison's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 7,121 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 26,892. https://www.bop.gov/coronavirus/(last updated 6/16/2021).

For the foregoing reasons, **IT IS ORDERED** that Grandison's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of June, 2021.

                                                                     _____
                                                                     DONALD E. WALTER
                                                                     UNITED STATES DISTRICT JUDGE

---

[4] In the alternative, it appears that Grandison also requested release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons.  See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).